669 A.2d 1003

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Victor MORALES, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 18, 1995.

Filed Jan. 3, 1996.

Anthony S. Beltrami, Assistant Public Defender, Bethlehem, for appellant.

John M. Morganelli, District Attorney, Easton, for Commonwealth, appellee.

Before CAVANAUGH, POPOVICH and HUDOCK, JJ.

HUDOCK, Judge:

This is an appeal from the judgment of sentence after Appellant was convicted of tampering with physical evidence.[1] Appellant was sentenced to incarceration for seven and one-half months. A timely post-sentence motion was denied by operation of law and this direct appeal followed.[2] We affirm.

1. 18 Pa.C.S.A. § 4910(1).

2. Appellant's post-verdict motions were denied by operation of law because they were not disposed of within the 120–day period provided by Pa.R.Crim.P. 1410(B)(3)(a), 42 Pa.C.S.A.

The facts may be summarized as follows: On April 7, 1994, investigators Stuart Bedics (Bedics) and Colleen Mower (Mower) were participating in an undercover drug surveillance of State and Evans Streets in the City of Bethlehem. From an unmarked vehicle and with the aid of binoculars, Bedics was observing a known heroin dealer (Torres). He would watch a transaction take place and then radio a description of the buyer to other undercover team members, who in turn, would attempt to apprehend the buyer. Bedics testified that he saw various buyers hand Torres an unspecified amount of United States currency in exchange for light blue glassine packets.[3]

At approximately 1:50 p.m. Bedics observed Appellant and two other individuals approach Torres. The men engaged in a brief conversation whereupon Torres removed a small bundle of light blue packets from his jacket pocket. He proceeded to peel off one packet and handed it to Appellant, who in turn, gave him an unspecified amount of money. The same process occurred with one of the other men who was with Appellant. The three men then got into a blue Mercury Sable and attempted to leave the scene. Bedics radioed the other members of the team for assistance in apprehending Appellant. However, all other members were busy stopping prior buyers. Therefore, Bedics and Mower decided to follow the Mercury Sable.

Bedics told Mower of his plan to jump out of the car at the first red light. He warned Mower to keep her eyes on the suspects' hands because it is very common for them to throw the contraband out of the window or to swallow it. Upon reaching the red light, Bedics pulled in front of the Sable. Both officers jumped out of the car, displayed their badges and yelled, "police, put your hands in the air." Bedics saw two occupants of the vehicle comply with their orders. Appellant, however, raised his hand to his mouth and placed a light

---

**3.** Bedics stated that through his experience he has become familiar with the packaging of heroin. He indicated that it is very common for the drugs to be double sealed in small blue glassine packets such as those seen on April 7, 1994.

blue packet inside. In an effort to stop Appellant, Bedics dove at Appellant's mouth and throat, ordering him to "spit [the drugs] out." While Bedics was holding Appellant's throat he felt him swallow. Realizing that Appellant had probably swallowed the contraband, Bedics released his hold. Mower then searched Appellant's mouth which was empty.

Appellant seeks an arrest of judgment or new trial on the following grounds: (1) there was insufficient evidence to sustain the verdict; (2) the trial judge erroneously instructed the jury as to the Commonwealth's burden of proof; and (3) the trial judge erroneously instructed the jury that the Commonwealth did not have to prove that the evidence swallowed was heroin when the information specifically charged Appellant with destroying a packet of heroin. We will address each issue in the order it appears above.

Appellant's first allegation is that the evidence is insufficient to sustain the verdict. Under the umbrella of sufficiency, Appellant raises three sub-issues. The first is that the Commonwealth failed to prove beyond a reasonable doubt that Appellant swallowed a packet of heroin. To support his position, Appellant states that both Bedics and Mower testified that they could not positively identify the substance swallowed as heroin. The second sub-issue is that he did not "conceal" evidence because when he placed it in his mouth, he did so in the presence of the investigators. The third is that he could not have "destroyed" the evidence because it could have been retrieved via a stomach pump or forced bowel movement.

When reviewing a challenge to the sufficiency of the evidence, we must determine whether the evidence was sufficient to enable the trier of fact to find every element of the crime charged beyond a reasonable doubt, viewing all evidence in a light most favorable to the Commonwealth. *Commonwealth v. Zimmick*, 539 Pa. 548, 554, 653 A.2d 1217, 1220 (1995) (citations omitted). This standard applies equally to cases in which the evidence is circumstantial rather than direct as long as the evidence as a whole links the accused to

the crime beyond a reasonable doubt. *Commonwealth v. Hardcastle,* 519 Pa. 236, 245, 546 A.2d 1101, 1105 (1988), *cert. den.,* 110 S.Ct. 1169 (1990). Moreover, the facts and circumstances established by the Commonwealth do not have to be absolutely incompatible with the accused's innocence, but the question of any doubt is for the factfinder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the totality of the circumstances. *Commonwealth v. Govens,* 429 Pa.Super. 464, 488, 632 A.2d 1316, 1328 (1993), *alloc. den.,* 539 Pa. 675, 652 A.2d 1321 (1994) (citations omitted).

■ To prove tampering with evidence, the Commonwealth must show that an individual, believing that an official proceeding or investigation was pending, altered, destroyed, concealed or removed "any record, document or thing with the intent to impair its verity or availability in [the] proceeding or investigation." 18 Pa.C.S.A. § 4910(1). Thus, in this case, the Commonwealth must have demonstrated (1) that Appellant knew Bedics and Mower were involved in an official investigation when they stopped the vehicle; (2) that by placing the packet in his mouth he was concealing something with the intent to (3) impair the investigators' ability to retrieve it. *Id.; Commonwealth v. Eckert,* 401 Pa.Super. 179, 180–183, 584 A.2d 1038, 1039–1040 (1991).

■■ Upon viewing the evidence in this light, we find that it sufficiently supports the verdict. To address Appellant's first sub-issue, we note that his reliance on the fact that the investigators could not positively identify the packet as heroin is misplaced. Appellant was not charged with possession of heroin; therefore, proof beyond a reasonable doubt of what was inside the light blue packet is not a requisite element. The Commonwealth need only establish that Appellant knew an investigation was under way and that he intended to keep the packet out of the possession of the police. We find that based on the evidence presented, the jury could have reasonably inferred these facts. The officers jumped out of a vehicle, displayed their badges, and yelled "police, put your

hands in the air." Appellant's reaction, by raising his hands to his mouth and placing the light blue glassine packet inside, readily confirms his awareness that the police were involved in some sort of investigation. In addition, it was not unreasonable for the jury to infer that Appellant's intent was to hide the packet from the investigators, thus impairing their ability to seize it.

We find no merit in Appellant's second and third sub-issues. It is absurd to suggest, as Appellant does, that he did not attempt to "conceal" the packet simply because the act of concealment was done in the presence of the officers. The fact that the officers saw Appellant place the packet in his mouth does not detract from the undisputable fact that he intended to impair the officers' access to the packet. Similarly, the fact that the evidence was not totally "destroyed" per se because it could have been pumped out of or forcefully expelled from Appellant's body does not detract from the overt criminal act for which Appellant was charged. Section 4910(1) does not require proof that the evidence was concealed outside the presence of the police or that it was completely destroyed. It merely requires a showing that Appellant knowingly intended to conceal, remove, or destroy evidence during a police investigation.

In light of the above, we conclude that the evidence sufficiently supports each of the requisite elements of the crime beyond a reasonable doubt. Thus, we reject Appellant's first argument.[4]

4. Appellant also summarily alleges that the verdict was against the weight of the evidence. Such an allegation concedes that there is sufficient evidence to sustain the verdict but contends, nevertheless, that the verdict is against the weight of the evidence. *Commonwealth v. Taylor*, 324 Pa.Super. 420, 425, 471 A.2d 1228, 1230 (1984). Our standard of review is not whether we would have decided the case differently, but rather, whether the verdict is so contrary to the evidence as to compel a new trial. *Commonwealth v. La*, 433 Pa.Super. 432, 461, 640 A.2d 1336, 1351 (1994), *alloc. den.*, 540 Pa. 597, 655 A.2d 986. To prevail, Appellant must show that the verdict was based upon tenuous and vague evidence such that it shocks one's sense of justice. *Commonwealth v. Murray*, 408 Pa.Super. 435, 438, 597 A.2d 111, 113 (1991), *alloc. den.*, 529 Pa. 668, 605 A.2d 333 (1992).

Appellant's second argument is that the trial judge erred in instructing the jury that the Commonwealth only had to prove that Appellant attempted to conceal the evidence when the information specifically stated that he destroyed it.

 We note that the purpose of a bill of information or indictment is to inform the defendant of the charges against him and to protect him against further prosecution for the same crime. *Commonwealth v. Rolinski*, 267 Pa.Super. 199, 202–203, 406 A.2d 763, 764 (1979). In addition, the Rules of Criminal Procedure indicate that the issues at trial are to be defined by the information. Pa.R.Crim.P. 225(d). However, pursuant to Pennsylvania law, an information is not to be read in an overly technical form. Thus, we will arrest judgment only when an error misleads a defendant as to the charges against him, precludes him from anticipating the Commonwealth's proof, or impairs a substantial right. *Commonwealth v. McIntosh*, 328 Pa.Super. 255, 266, 476 A.2d 1316, 1321 (1984) (citations omitted). Because the information at issue properly informs Appellant of the charge against him and of the Commonwealth's burden of proof, we reject his second argument as well.

The information consisted of the following:

[Appellant] did, believing that an official investigation is pending or about to be instituted, alter, destroy, remove or conceal any document or thing with the intent to impair its verity or availability in such proceeding or investigation, to wit: [Appellant] was seen by Officer Bedics purchasing a packet of heroin and when [Appellant] was approached by officers he took the packet of heroin and consumed it by swallowing it, thus destroying the evidence which would have been used in an official prosecution.

Information, 6/4/94, p. 1.

After reading the above information to the jury, the judge further instructed the jury as follows:

Applying this standard to our factual situation, we conclude that the verdict is not against the weight of the evidence. Appellant's verdict does not shock this Court's sense of justice because the evidence and all reasonable inferences derived therefrom establishes guilt beyond a reasonable doubt.

A person commits a criminal act if believing that an official proceeding or investigation is pending or about to be instituted alters, destroys, conceals or removes any record, document or thing with the intent to impair its verity or availability in such proceeding in an investigation. That's the law of the Commonwealth.

Now, in order to find [Appellant] guilty of that crime, the Commonwealth has to prove three things. First, that [Appellant] believed that an official investigation was about to be instituted. . . .

Number two, you then have to be convinced that [Appellant] altered, destroyed, concealed or removed any evidence as was alleged by the Commonwealth so that you have to find that he altered, destroyed, concealed or removed from the Commonwealth any evidence that was available to them.

Third, that [Appellant] did so with the intent to impair its availability to the Commonwealth. Those are the three factors that the Commonwealth had to convince you beyond a reasonable doubt occurred and were done by this defendant on that particular day.

And let me tell you that in this case and under the law, the Commonwealth need only show that there was concealment. They don't have to show all of the alteration or destruction or removal. If they show any one of those, that is sufficient. So if they show concealment, that is sufficient for you to consider that testimony and as one of the elements of the crime.

N.T., 10/13/94, pp. 40–42.

 A simple review of the information reveals that the Commonwealth set forth all of the possible acts precluded by section 4910, including concealment. Thus, the trial judge adequately appraised the jury of the crime for which Appellant was charged. He further informed the jury that the Commonwealth need not prove that Appellant altered *and* concealed *and* destroyed evidence of a pending investigation. This instruction was not erroneous, as Appellant would like this Court to find. Section 4910 states that an individual

"tampers with physical evidence" when he "alters, destroys, conceals *or* removes" such evidence. Thus, as the trial judge correctly stated, the Commonwealth need only show one of the specified acts prohibited by section 4910 to satisfy the second element of the crime.[5]

Appellant's third argument is that the trial court erred in instructing the jury that the Commonwealth did not have to prove that the packet Appellant swallowed when approached by the police contained heroin when it was specifically stated in the information. We have already stated that Appellant was not charged with possession of a controlled substance. Therefore, the Commonwealth did not have to prove beyond a reasonable doubt that it was heroin in the double sealed packet. The content of the packet is irrelevant to the question of whether Appellant knew that the police were investigating criminal activity and, in an effort to impair their ability to seize the packet, placed it in his mouth and swallowed it. Moreover, we have also found that the information adequately appraised Appellant of the charge against him. Thus, the validity of the information is not affected merely because it described the packet swallowed by Appellant as "heroin."

Judgment of sentence affirmed.

---

5. We also note that Appellant was clearly informed that he was charged with violating 18 Pa.C.S.A. section 4910 which unambiguously states that one cannot alter, destroy, conceal or remove evidence. Thus, Appellant was not prejudiced or misled as to the charges against him or to the burden of proof the Commonwealth would have to satisfy. *McIntosh,* 476 A.2d at 1321.