**COMMONWEALTH of Pennsylvania,
Appellee,**

**v.**

**Aaron JONES, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 23, 2006.
Filed July 14, 2006.

Joseph S. Haag, Public Defender, Doylestown, for appellant.

Diane E. Gibbons and James D. Blumenthal, Asst. Dist. Atty's, Doylestown, for Com., appellee.

BEFORE: JOYCE, BOWES, and McCAFFERY, JJ.

OPINION BY McCAFFERY, J.:

¶ 1 Appellant, Aaron Jones, appeals from the judgment of sentence imposed on him following his conviction for tampering with physical evidence, claiming that the Commonwealth's evidence was insufficient to sustain his conviction. Specifically, Appellant asks us to determine whether a conviction for tampering with evidence may be sustained when the evidence in question was suppressed as the fruit of an illegal arrest, leaving only the testimony of the arresting officer to support the conviction. Upon careful review, we affirm.

¶ 2 The facts and procedural history underlying this matter are as follows. On the morning of October 26, 2004, police officers watched Appellant as he stood for approximately one hour with a group of males near a park and an apartment complex. Officer Christian Phillips decided to arrest the men for violating a local township ordinance against loitering; to that end, he instructed the men to approach his patrol car and advised them that they were about to be arrested for loitering. Perceiving that Appellant seemed anxious or nervous, the officer displayed his can of OC spray.[1] As Appellant moved towards the patrol car, he took an item from his pocket, dropped it on the ground and stepped on it, thereby breaking it. Officer Phillips took Appellant into custody at that point and placed him in a patrol car. Police subsequently identified the broken item as what they believed to be a glass crack pipe. As a result, Appellant was charged with possession of a controlled substance, possession of drug paraphernalia, and tampering with physical evidence.[2]

¶ 3 Appellant filed a pre-trial motion to suppress all physical evidence discovered when police took him into custody as the fruit of an illegal arrest. After a hearing, the court granted the suppression motion, holding that the arrest was indeed illegal. The suppression court based its holding on its finding that the officer had failed to give Appellant notice to disperse prior to the arrest, as required by the local ordinance. (Notes of Testimony ("N.T."),

---

1. "OC" spray is pepper spray.

2. 35 P.S. § 780–113(a)(16), 35 P.S. § 780–113(a)(32), 18 Pa.C.S.A. § 4910(1), respectively.

2/1/05, at 37–38). The court also found that Appellant had dropped and broken the glass pipe as an "immediate and tangential result of being placed under arrest and [of] the display of force by the officer in pulling out the OC spray with an intention to use it, if necessary, to place [Appellant] under physical control." (*Id.* at 38). The court thus suppressed all of the physical evidence discovered during Appellant's arrest.[3]

¶ 4 Although the possession charges were dropped as a result of the suppression ruling, the Commonwealth elected to proceed to trial on the third charge, *i.e.*, tampering with evidence, to wit, the glass pipe that Appellant had dropped, stepped on, and broken. The Commonwealth argued that Appellant's actions in destroying the pipe constituted illegal conduct, independent of the illegal arrest, and that the crime itself was established beyond a reasonable doubt solely through the police officer's testimony, even though the physical evidence itself was not admissible at trial. The trial court, which had also been the suppression court, agreed and found Appellant guilty, and thereafter sentenced him to a one-year term of probation and to pay the costs of prosecution.

¶ 5 After his post-sentence motion was denied, Appellant filed a timely appeal, presenting one question for our review:

> Whether there was sufficient evidence to convicted [sic] the Appellant of tampering with or fabricating physical evidence when the item was suppressed by the trial court, in a pre-trial motion, and the

court has made a finding of forced abandonment?

(Appellant's Brief at 4).

¶ 6 A challenge to the sufficiency of the evidence is a question of law and thus is subject to plenary review. *Commonwealth v. Brotherson*, 888 A.2d 901, 904 (Pa.Super.2005). In reviewing a sufficiency challenge, we must determine "whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict[-]winner, are sufficient to establish all elements of the offense beyond a reasonable doubt." *Commonwealth v. Stevenson*, 894 A.2d 759, 773 (Pa.Super.2006) (citation omitted).

¶ 7 To establish the offense of tampering with evidence, the Commonwealth must prove three interrelated elements: (1) the defendant knew that an official proceeding or investigation was pending; (2) the defendant altered, destroyed, concealed, or removed an item; and (3) the defendant did so with the intent to impair the verity or availability of the item to the proceeding or investigation. *Commonwealth v. Morales*, 447 Pa.Super. 491, 669 A.2d 1003, 1005 (1996) (citing 18 Pa.C.S.A. § 4910(1)).[4]

¶ 8 As this Court held in *Morales*, the Commonwealth is not required to produce the item in question, nor to positively identify it, in order to sustain its burden of proof. In *Morales*, the item in question was a suspected package of heroin, which the appellant attempted to conceal by

---

**3.** The Commonwealth contested neither the illegality of Appellant's arrest nor the granting of the motion to suppress.

**4.** The text of the statutory provision is as follows:

> **§ 4910. Tampering with or fabricating physical evidence.**

A person commits a misdemeanor of the second degree if, believing that an official proceeding or investigation is pending or about to be instituted, he:

(1) alters, destroys, conceals or removes any record, document or thing with intent to impair its verity or availability in such proceeding or investigation[.]

18 Pa.C.S.A. § 4910(1).

swallowing. Because the facts of *Morales* are instructive in the case *sub judice*, we will address them in detail.

¶ 9 Two police officers in *Morales* had been conducting an undercover drug surveillance operation and had observed several suspected drug transactions, in which a known heroin dealer took money in exchange for light blue glassine packets, a common form of packaging for heroin. Immediately after observing one such transaction, the police officers stopped a car containing the individuals suspected of having just purchased heroin. When the officers identified themselves as police and told the occupants of the car, one of whom was Morales, to put their hands in the air, Morales put in his mouth and swallowed a light blue glassine packet, similar to the package that police had just seen him purchase. *Id.* at 1004–05. Police were unable to recover the package from Morales' throat, nor could they positively identify it. Nonetheless, Morales was convicted of tampering with evidence under section 4910(1).[5]

¶ 10 Morales appealed, claiming that the evidence was insufficient to sustain the verdict because, *inter alia*, the Commonwealth had not proved that what he had swallowed was heroin. This Court disagreed and affirmed Morales's conviction. In doing so, the panel held that the Commonwealth was *not* required to prove what was inside the swallowed package, as that information was irrelevant to the elements of the offense. The Commonwealth had to prove only that Morales knew a police investigation was under way and that his intent in swallowing the package was to keep the package out of the possession of the police. The panel held that a jury could reasonably have drawn these conclusions by inference from the evidence presented. *Morales, supra* at 1006–07.

Thus, the failure to introduce the packet itself as evidence at trial was not fatal to the Commonwealth's prosecution for tampering with the evidence.

¶ 11 In the case *sub judice*, the Commonwealth was required to establish three elements for a conviction: (1) that Appellant knew an official police investigation was about to be instituted; (2) that Appellant damaged the evidence in question; and (3) that Appellant did so with the intent to impair its availability to the police for their investigation. *See Morales, supra* at 1005. We determine that under the circumstances of the instant case, it was reasonable for the fact-finder to conclude that all three elements had been proven beyond a reasonable doubt.

¶ 12 Police testimony established that it was after Appellant was informed that he was about to be arrested that he dropped the item in question and deliberately stepped on it, thereby breaking it. From this testimony, the fact-finder could certainly have inferred that Appellant knew that an official police investigation into criminal activity was imminent, if not, in fact, already in progress. The fact-finder could also have inferred that Appellant had dropped and broken the item with the intent of preventing police from gaining access to it as evidence in the anticipated post-arrest investigation. Thus, we conclude that there was sufficient evidence, in the form of police testimony, to prove each element of the offense of tampering with the evidence.

¶ 13 The item did not have to be admitted into evidence in order for the Commonwealth to prevail. *See Morales, supra*. Appellant argues that *Morales* is distinguishable from the present case because of the differing circumstances

*Morales, supra* at 1006.

---

5. Morales was not charged with possession.

through which the evidence became unavailable to police. In *Morales,* the evidence was "lost" when the appellant swallowed it just prior to a legal arrest. In the case *sub judice,* the evidence was not lost, but suppressed because of a constitutional violation, *i.e.* Appellant's illegal arrest.

¶ 14 We decline to construe the holding of *Morales* in the narrow fashion suggested by Appellant's argument. *Morales's* clear holding is that a conviction for tampering with evidence does not require that the evidence at issue be either positively identified or admitted at trial. Nothing in the *Morales* opinion suggests that evidence falls outside the scope of its holding as a result of the means by which the evidence became unavailable. We perceive no reason to limit the scope of *Morales,* and thus we expressly decline to hold that suppressed evidence constitutes an exception to the general rule of *Morales.*[6]

¶ 15 In light of the fact that the physical evidence in this case was suppressed, Appellant's conviction rests solely on the testimony of the arresting police officers. The essence of Appellant's argument is that this testimony was not only insufficient to sustain the conviction, but also had been improperly admitted at trial. Appellant's argument has no merit. As Appellant was being taken into custody, he committed another offense *i.e.* tampering with physical evidence, which was wholly separate and independent from the original conduct, loitering, which had formed the basis for the arrest. And, Appellant committed the second, distinct offense right in front of the officer. Even though the arrest for loitering was subsequently determined to be illegal, the testimony of the police concerning what they directly observed, specifically Appellant's acts of destruction of evidence, was properly admitted. Appellant's arrest—despite its illegality—acted neither to cloak his subsequent conduct from view nor to immunize him. It did not confer upon Appellant the freedom to commit another offense, as though his conduct had become, by virtue of the illegal arrest, invisible to the arresting officer. We conclude that it was proper for the police officer to testify about the offense that he observed Appellant initiate and complete right in front of his eyes.

¶ 16 After careful review, and for all of the reasons set forth above, we determine that the evidence was sufficient to sustain Appellant's conviction for tampering with physical evidence; thus, we affirm the judgment of sentence.

¶ 17 Judgment of sentence affirmed.

¶ 18 JOYCE, J. files a Dissenting Statement.

## DISSENTING STATEMENT BY JOYCE, J.:

¶ 1 Because I believe the Majority's reliance on the *Morales*[7] case is misplaced, I respectfully dissent.

¶ 2 At the conclusion of the suppression hearing conducted in this case, the suppression court determined that Appellant's arrest for loitering was "made illegally and

---

**6.** From the wording of Section 4910(1) ("Tampering with or fabricating physical evidence"), it would be illogical to require admission at trial of the evidence at issue. The statute proscribes altering, destroying, concealing, or removing evidence. *See supra* note 4. It would literally be impossible to successfully prosecute anyone for totally destroying evidence if a requirement of the stat-
ute were that the evidence at issue be admitted at trial. *See Commonwealth v. McCoy,* 895 A.2d 18, 30 (Pa.Super.2006) (stating that "[w]e are to presume that the legislature did not intend a result that is absurd or unreasonable.")

**7.** *Commonwealth v. Morales,* 447 Pa.Super. 491, 669 A.2d 1003 (1996).

without proper cause or basis or justification." N.T. Suppression Hearing, 2/1/05, at 38. The underlying reason for that determination was the arresting officer's failure to comply with the pre-arrest requirement of ordering Appellant and his colleagues to disperse. The suppression judge then stated:

> The Commonwealth argues that notwithstanding the illegal arrest, that the items ... sought to be suppressed would have been an inevitable result of a further investigation. And therefore, through independent investigation the paraphernalia would have been recovered and, therefore, not need—not necessarily be suppressed merely because of the illegal or improper arrest.
>
> The Court respectfully disagrees. We find that the forced—that the abandonment of the paraphernalia by [Appellant] was the immediate and tangential result of being placed under arrest and the display of force by the officer in pulling out the OC spray with an intention to use it, if necessary, to place [Appellant] under physical control.
>
> As a result, **we conclude that any evidence seized by the Commonwealth as a result of the abandonment of the paraphernalia must be suppressed at trial.**

*Id.* at 38–39 (emphasis added).

¶ 3 At the conclusion of the suppression hearing, the parties immediately proceeded with a waiver trial, before the same judge, on the charge of tampering with evidence. This charge stemmed from Appellant's actions after the arresting officer advised Appellant he was under arrest.

Sensing that Appellant was nervous, and observing that he was fidgety, the officer pulled out a can of pepper spray. In response, Appellant—who was in the course of following the officer's instructions to put his hands on the patrol car—reached into his pocket, pulled out an object that appeared to be a glass crack pipe, dropped it to the ground, and stepped on it.

¶ 4 No additional testimony or evidence was presented at the waiver trial. Instead, the parties stipulated that the testimony of the two officers, including the arresting officer, presented at the suppression hearing, would comprise the testimony for trial. After brief closing arguments were presented, the trial judge adjourned the proceedings for purposes of reviewing the *Morales* case, which the prosecution argued was "instructive" to illustrate why Appellant's actions constituted evasive action warranting a conviction for tampering with evidence.[8] *Id.* at 46–47.

¶ 5 When the trial judge reconvened the hearing, he pronounced:

> We have reviewed the Morales case cited by the Commonwealth as precedent for the fact that the evidence need not be introduced into the trial for the purpose of establishing the violation of the ordinance or the statute for tampering with evidence. We have reviewed the matter and considered it, and we believe that the charge[ ] of tampering is not vitiated by the illegal arrest. And accordingly, we find [Appellant] guilty of tampering with evidence.

*Id.* at 47–48. Appellant was subsequently sentenced to 12 months' probation.

---

8. In the *Morales* case, this Court recognized that: "To prove tampering with evidence, the Commonwealth must show that an individual, believing that an official proceeding or investigation was pending, altered, destroyed, concealed or removed 'any record, document or thing with the intent to impair its verity or availability in [the] proceeding or investigation.'" *Commonwealth v. Morales*, 447 Pa.Super. 491, 669 A.2d 1003, 1005 (1996) (quoting 18 Pa.C.S. § 4901(1)).

¶ 6 In this appeal, Appellant submits that there was insufficient evidence to convict him of tampering with evidence because the evidence in question, *i.e.,* the glass crack pipe, was suppressed by the trial court. I agree. If evidence related to the pipe is inadmissible as the proverbial "fruit of the poisonous tree," how can there be a conviction for tampering with evidence that, for purposes of the trial related to that charge, is a nullity? How can Appellant be convicted of destroying a "thing," *i.e.,* a pipe, to impair its availability in any investigation when the suppression court recognized the illegality of the investigation and arrest, and ordered that evidence, including the pipe, seized as a result of the illegal arrest be suppressed?

¶ 7 As noted at the onset of this dissenting statement, I believe that the Majority's reliance on the *Morales* case is misplaced. In that case, Morales was arrested while a passenger in a vehicle that was leaving the scene of a drug buy. When the vehicle was stopped, and its occupants were instructed to raise their hands over their heads, Morales instead placed a glassine packet into his mouth and swallowed it. He was subsequently charged with tampering with evidence. Unlike the case *sub judice,* the legality of the arrest was not at issue in the *Morales* case. Rather, the issue in the *Morales* case was simply whether Morales could be convicted of tampering with or destroying evidence when there was no physical evidence available to introduce at trial because it had been swallowed. This Court determined that a conviction under those circumstances was proper, and that the lack of the physical evidence was not an insurmountable obstacle to the conviction.

¶ 8 In the *Morales* case, there was no available physical evidence because it was swallowed by Morales. Conversely, there was no available physical evidence in the present case—not because it was destroyed, but because it was suppressed. Equating the *Morales* case with the case *sub judice* is, in my opinion, unjustified and erroneous as a matter of law.

¶ 9 As a result of the suppression court's ruling, there was no evidence at trial upon which a tampering conviction could be based. Therefore, I would reverse the judgment of sentence imposed, based not merely on *insufficiency* of evidence but rather total *absence* of evidence.

