J-A30013-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMIE L QUINN | : | |
| | : | |
| Appellant | : | No. 24 MDA 2019 |

Appeal from the Judgment of Sentence Entered June 20, 2018
In the Court of Common Pleas of Northumberland County Criminal
Division at No(s):  CP-49-CR-0000870-2017

BEFORE:   DUBOW, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED JANUARY 15, 2020**

Appellant, Jamie L. Quinn, appeals from the June 20, 2018 Judgment of Sentence entered in the Court of Common Pleas of Northumberland County following her conviction of one count of Criminal Conspiracy to Tamper with or Fabricate Physical Evidence.[1] On appeal, Appellant challenges the sufficiency and weight of the evidence. After careful review, we affirm.

We glean the following factual and procedural history from the certified record. Appellant, a 22-year veteran of the Sudbury Police Department, lent her police department-issued cellphone to her teenage son for approximately 45 days. While he was using his mother's work cellphone, on November 28,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 903.

2016, Appellant's son received two sexually explicit photographs of his minor girlfriend, which he promptly deleted.

The next day, on November 29, 2016, Appellant's son texted Appellant that his girlfriend had previously sent a sexually explicit photograph of herself to another boy and the boy forwarded the photograph to other people. Appellant counseled her son, through text messages, on the law, and encouraged her son and his girlfriend to report the incident to his girlfriend's parents and the local police.

Appellant then realized that the photograph may have been on her work cellphone and texted, "Oh, God! That picture was never on that phone; was it? Either way, make sure you don't have a copy of it, and never admit to anyone else that you have actually seen it." N.T. Trial, 10/27/18, at 226.

On December 1, 2016, Pennsylvania State Police Trooper Nathan Messner was dispatched to Line Mountain High School to investigate an incident involving the transmission of sexually explicit images by minors. The investigation involved seven juveniles, including Appellant's son and his girlfriend. Around 1:00 P.M., Trooper Messner contacted Appellant by phone, and asked Appellant for her permission to speak with her son and look through his cellphone. She agreed, but informed Trooper Messner that her son was in possession of her police department-issued phone, and she would be trouble if the phone was seized. Initially, Trooper Messner did not seize the cellphone.

Immediately after that conversation, Appellant sent her son a series of text messages that the police wanted to review the cellphone and to delete certain text messages. The messages included the following:

1:35 P.M.
Appellant: I'm going to pick up th[e] phone today. What time will you be home?

2:22 P.M.
Appellant: . . . I plan to buy you a phone to make up for needing to take that phone. I need to be able to stay in contact with you until your father decides to give your phone back but in this situation I don't know if they will take your normal [personal] phone[2] away from you. I really hope you're agreeable to all this!

2:26 P.M.
Appellant's Son: . . . Hey ma, I have to bring the other [personal] phone to the station.

2:28 P.M.
Appellant: That's no problem. . . . I can take you over to the state police with that other phone.

2:29 P.M.
Appellant: But I will explain all that. Use that as a general excuse to have the phone, and **go through anything that may be incriminating**.

2:30 P.M.
Appellant's Son: Yup, thats my plan.

2:47 P.M.
Appellant: Okay. **Delete this text message that I'm sending to you now, but I really don't want you to admit that the picture was ever on that phone. Seriously. Delete this. Because the trooper and I had a conversation about the text that I sent you, saying don't admit. Anyway, you just**

_____

[2] Appellant's son had his own personal cellphone. However, his father had confiscated his phone. Therefore, Appellant had lent her work cellphone to her son.

**tell them that they need to look at it to be sure that the picture was never on that phone. Seriously, delete most of these texts that we just sent.**

2:51 P.M
Appellant: You can as[sure] your father that there is no picture on this phone and they need to be sure about the other phone. **Delete this now!**

2:58 P.M.
Appellant's Son: It's all gone.

2:59 P.M.
Appellant: Okay :) Let me know what time you want [me] to pick you up.

N.T. Trial at 225-37 (emphasis added).

At approximately 3:30 P.M., Trooper Messner informed Appellant that he would need her work cellphone for the investigation.

Appellant contacted her supervisor, Captain Steven Bennick. She informed him of the situation with her son, her son's girlfriend, and the department's cellphone, and that the state police were involved in an investigation. Captain Bennick relayed the situation to Sudbury Police Chief Timothy Scott Miller. Chief Miller then contacted Appellant and requested that she report back to the police station with the department-issued cellphone. Captain Bennick and Chief Miller turned the cellphone over to the Pennsylvania State Police, who performed a forensic analysis on the cellphone.

Appellant was charged with one count each of Tampering with or Fabricating Physical Evidence, Criminal Conspiracy to Tamper with or

- 4 -

Fabricate Physical Evidence, Theft of Services, and Theft by Unlawful Taking.[3]

A two day trial commenced on October 27, 2018. After the close of the Commonwealth's evidence, Appellant moved for Judgment of Acquittal. The court granted the motion as to count 1, Tampering with or Fabricating Physical Evidence and count 3, Theft of Services. At the conclusion of trial, the jury convicted Appellant of Criminal Conspiracy and acquitted her of Theft by Unlawful Taking. The court ordered a Pre-Sentence Investigation Report.

On June 20, 2018, the court sentenced Appellant to 24 months of intermediate punishment. Appellant filed a Post-Sentence Motion, which was denied.

Appellant filed a timely notice of appeal. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following two issues on appeal:

1. Whether there was sufficient evidence adduced at trial to support the conviction of [Appellant] on count 2 of the Information relating to Criminal Conspiracy (18 Pa.C.S.A. § 903).

2. Whether the verdict of guilty with respect to count 2 of the Information relating to Criminal Conspiracy (18 Pa.C.S.A. § 903) is contrary to the weight of the evidence, entitling [Appellant] to a new trial.

Appellant's Br. at 5.

In her first issue, Appellant challenges the sufficiency of evidence. Our standard of review applicable to challenges to the sufficiency of evidence is

---

[3] 18 Pa.C.S. §§ 4910(1), 903, 3926(b), and 3921(a), respectively.

well-settled. "Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, and taking all reasonable inferences in favor of the Commonwealth, the reviewing court must determine whether the evidence supports the fact-finder's determination of all of the elements of the crime beyond a reasonable doubt." *Commonwealth v. Hall*, 830 A.2d 537, 541-42 (Pa. 2003). Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact is free to believe all, part, or none of the evidence. *Commonwealth v. Melvin*, 103 A.3d 1, 39-40 (Pa. Super. 2014).

"A person is guilty of conspiracy with another person or persons to commit a crime if[,] with the intent of promoting or facilitating its commission[, s]he: (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or (2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime." 18 Pa.C.S. § 903.

Thus, to sustain a conviction for criminal conspiracy, the Commonwealth must demonstrate beyond a reasonable doubt that the Appellant: (1) entered into an agreement to commit or aid in an unlawful act with another; (2) with a shared criminal intent; and (3) an overt act in furtherance of the conspiracy was done. *Commonwealth v. Feliciano*, 67 A.3d 19, 25–26 (Pa. Super. 2013). The factfinder may conclude beyond a reasonable doubt that a conspiracy exists from a variety of circumstances, including the relationship

between the parties, knowledge of the crime, participation in the crime, and the circumstances and conduct of the parties. ***Id.*** at 26.

A person commits Tampering with or Fabricating Physical Evidence "if, believing that an official proceeding or investigation is pending or about to be instituted, [s]he [ ] alters, destroys, conceals or removes any record, document or thing with intent to impair its verity or availability in such proceeding or investigation[.]" 18 Pa.C.S. § 4910(1). Thus, the Commonwealth must prove three elements to establish the offense of Tampering with or Fabricating Physical Evidence: "(1) the defendant knew that an official proceeding or investigation was pending; (2) the defendant altered, destroyed, concealed, or removed an item; and (3) the defendant did so with the intent to impair the verity or availability of the item to the proceeding or investigation." ***Commonwealth v. Jones***, 904 A.2d 24, 26 (Pa. Super. 2006) (citations omitted).

Appellant argues that the evidence was insufficient because the Commonwealth failed to present evidence that (1) Appellant had conspired to delete the photograph and (2) Appellant or her son had specific intent to impair the investigation. Appellant's Br. at 17-24. She also contends that the deleted texts are not relevant to the underlying sexting charges;[4] instead, they relate to issues regarding son's father. ***Id.*** at 24-26. However, Appellant

---

[4] Appellant was not charged with Transmission of Sexual Explicit Images by Minor, 18 Pa.C.S. § 6321.

also asserts that the deleted texts were simply advice to her son "of the right against self-incrimination." *Id.* at 27.

In rejecting Appellant's sufficiency challenge, the trial court opined:

There was evidence presented in the form of text messages and live testimony that [Appellant] advised her son to delete images and/or text messages relating to images which she knew to be the subject of a crime. This resulted in a potential hindering of the criminal investigation and her son complied with the request, thereby completing the overt act.

Statement of Reasons in Lieu of Opinion, dated 4/11/19, at 1.

Based on our review of the certified record, we agree with the trial court that the evidence is sufficient to sustain Appellant's Criminal Conspiracy conviction.

Trooper Messner testified that on December 1, 2016, he informed Appellant and her son that he was conducting an investigation involving transmission of sexually explicit images by minors. Appellant responded that her work cellphone was involved in the investigation. N.T. Trial at 18-21.

The testimony of Appellant's son and the text messages demonstrate that Appellant instructed her son to delete text messages related to the explicit photograph of her son's girlfriend and her son complied with her requests. *Id.* at 226-37. Additionally, both Captain Bennick and Chief Miller testified that Appellant told them that she advised her son to deny looking at the photograph and delete it. *Id.* at 101, 107, 161.

Therefore, the evidence presented at trial demonstrates that Appellant was aware that a police investigation relating to the dissemination of images

of her son's girlfriend was ongoing and involved her police department-issued cellphone. Nonetheless, at this time, she entered into an agreement with her son, through text messages, to remove their correspondence related to the investigation from the cellphone in question, and her son complied.

We, thus, conclude that the totality of the evidence, viewed the light most favorable to the Commonwealth, is sufficient to sustain Appellant's Conspiracy conviction. Accordingly, Appellant is not entitled to relief on this claim.

In her second issue, Appellant challenges the weight of evidence. Appellant's argument is, however, woefully underdeveloped. Appellant has cited only to boilerplate authority, and the argument contained in her Brief simply states, "With respect to the weight challenge, [Appellant] respectfully draws the Court's attention to the recitation of evidence set forth above and to the entire record." Appellant's Br. at 29.

Appellant's failure to develop this claim is in violation of Pa.R.A.P. 2119(a) and has hampered the Court's ability to conduct meaningful appellate review. **See** Pa.R.A.P. 2119(a) (requiring that an appellant include in the argument section of her brief "discussion and citation of authorities as are deemed pertinent"); **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007) ("[I]t is an appellant's duty to present arguments that are sufficiently developed for our review."). Accordingly, we find her weight challenge waived. **See Commonwealth v. Perez**, 93 A.3d 829, 838 (Pa.

2014) (concluding that claims failing to advance developed argument or citation to supporting authorities and record are waived); ***Commonwealth v. Kane***, 10 A.3d 327, 331 (Pa. Super. 2010) (stating that appellate briefs must develop arguments sufficient for review).

Judgment of Sentence affirmed.

Judge Nichols joins the memorandum.

Judge Colins notes dissent.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/15/2020</u>