Michael **MULLINS**, Appellant–Defendant,

v.

**STATE of Indiana**, Appellee–Plaintiff.

No. 49A02–9906–CR–412.

Court of Appeals of Indiana.

Oct. 14, 1999.

Jeffrey R. Mitchell, Yarling & Robinson, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Randi E. Froug, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

MATTINGLY, Judge

Michael Mullins was convicted, after a bench trial, of obstruction of justice,[1] a Class D felony. He raises one issue on appeal, which we restate as whether there was sufficient evidence to sustain Mullins' conviction of obstruction of justice, when, as police officers approached Mullins, he put what appeared to be crack cocaine into his mouth, chewed and swallowed, preventing the officers from confirming that the substance was crack cocaine.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On August 14, 1998, Officer Jeff Doughty of the Indianapolis Police Department was on routine patrol when he observed Mullins sitting in the driver's seat of a car parked near 2800 South Tindall Street. A female was leaning inside the passenger side of the vehicle. Officer Doughty was familiar with that address, having previously arrested someone there for possession of cocaine. As Officer Doughty drove up to Mullins' vehicle, the female leaning inside Mullins' vehicle dropped a metal object that looked like a broken antenna. Officer Doughty got out of his patrol car and approached Mullins' vehicle. When he was within nine feet of Mullins' vehicle, he saw Mullins put a white and powdery hard substance which appeared to be crack cocaine into his mouth and chew.

Officer Doughty approached Mullins and ordered him to spit out what he was chewing. Mullins refused, and Officer Doughty attempted to remove the substance from Mullins' mouth. Mullins resisted, striking at Officer Doughty. Although Mullins succeeded in chewing and swallowing the substance, Officer Doughty observed a white residue in Mullins' mouth.

Officer Doughty placed Mullins under arrest. After Mullins stated that he "wanted to come clean," (R. at 45), another officer gave Mullins the *Miranda* warnings. Mullins then told the officers he had bought crack cocaine for fifty dollars at 2800 South Tindall Street, and had put that substance in his mouth when he saw Officer Doughty.

Mullins was charged with and convicted of obstruction of justice and sentenced to 180 days in the Indiana Department of Correction.

## DISCUSSION AND DECISION

Mullins claims the evidence was insufficient to support his conviction of obstruction of justice. In reviewing a claim of insufficient evidence, we neither reweigh the evidence nor judge the credibility of the witnesses. *Vaillancourt v. State*, 695 N.E.2d 606, 611 (Ind.Ct.App. 1998). We look instead to the evidence favorable to the judgment, along with any inferences reasonably drawn therefrom. *Id.* We will affirm a judgment that is supported by substantial evidence of probative value. *Id.*

Ind.Code § 35–44–3–4(a)(3) provides that a person who "alters, damages, or removes any record, document, or thing, with intent to prevent it from being produced or used as evidence in any official proceeding or investigation ... commits

---

1.  Ind.Code § 35–44–3–4.

obstruction of justice, a Class D felony." Mullins claims that he cannot be convicted of obstruction of justice because "he was not under arrest at the time he put the substance into his mouth, nor did he know that a law enforcement officer was about to start an investigation." (Br. of Appellant at 4.) We find Mullins' argument disingenuous.

The Florida Supreme Court addressed a situation almost identical to the one before us in *State v. Jennings,* 666 So.2d 131 (Fla.1995). There, the defendant Jennings was holding what police believed to be rock cocaine. When an officer shouted "police," Jennings swallowed the object. The court held that the fact the officer shouted "police" was sufficient to establish that Jennings knew an investigation was about to be instituted and that he swallowed the object in order to impair its availability for a criminal investigation. *Id.* at 133. *See also Commonwealth v. Morales,* 447 Pa.Super. 491, 669 A.2d 1003, 1006 (1996) (jury could reasonably infer defendant was aware an investigation was underway when he swallowed an envelope believed to contain heroin after police officers jumped out of a car, displayed their badges, and yelled "police, put your hands in the air").

 Officer Doughty was on routine patrol in a marked car when he noticed Mullins' vehicle. Mullins' vehicle was parked outside a location where police officers had made previous narcotics runs, and where Officer Doughty had made at least one narcotics-related arrest. When Officer Doughty approached Mullins' vehicle, Mullins placed crack cocaine in his mouth and attempted to swallow it. Mullins refused to spit the cocaine out when ordered to do so by Officer Doughty, and he pushed Officer Doughty away to prevent the officer from recovering the cocaine. Mullins successfully ingested the cocaine, preventing Officer Doughty from seizing it.

It is clear that Mullins' actions in refusing to spit the substance out of his mouth after being ordered to do so, and pushing Officer Doughty away when he tried to remove the substance from Mullins' mouth, were done to prevent the officer from confiscating the substance. The fact finder could reasonably infer that Mullins was aware of Officer Doughty's investigation and the Officer's intent to seize the crack cocaine. Mullins swallowed the crack cocaine which otherwise would have been used as evidence in a possession charge. There was sufficient evidence to support Mullins' conviction of obstruction of justice.

Affirmed.

SHARPNACK, C.J., and BAKER, J., concur.