COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Kelsey and Beales
Argued at Chesapeake, Virginia


PERKINS JONES

v.        Record No. 2515-05-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE RANDOLPH A. BEALES
JANUARY 30, 2007

FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Johnny E. Morrison, Judge

Sonya Weaver Roots (Weaver Law Offices, on brief), for appellant.

Michael T. Judge, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Perkins Jones (appellant) was convicted of misdemeanor obstruction of justice under Code

§ 18.2-460(A).  He appeals this conviction, arguing first that the officer did not have probable cause

to arrest him and second that the evidence was insufficient to support the conviction.  Rather than

provide a transcript of the proceedings in the circuit court, appellant has filed a statement of facts

pursuant to Rule 5A:8(c).

I.  Background

On May 23, 2005, Officer Crutcher was in the Portsmouth General District Court when

that court called a case involving appellant, who did not appear.  In the officer's presence, the

court orally ordered that a capias be issued for appellant's arrest.  However, the capias was never

formally issued.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The next day, Officer Crutcher spotted the appellant outside a home that had a reputation for being "drug infested." He watched appellant for fifteen minutes and then approached. The officer never saw appellant with or near anyone else, although appellant claimed someone was standing with him. Officer Crutcher arrested appellant by grabbing his left hand and attempting to put handcuffs on him. As the officer was arresting him, appellant put something in his mouth. Officer Crutcher, based on his twelve years with the police department and prior narcotics arrests, believed the "something" was crack cocaine. The officer told appellant to spit out the item, but appellant swallowed it instead.

When Officer Crutcher checked with dispatch, he discovered that the capias was not issued. He then arrested appellant for obstruction of justice.

## II. Probable Cause for Arrest

Appellant argues that the officer did not see him commit a misdemeanor on May 24, 2005, so he did not have authority under Code § 19.2-81 to arrest him. Code § 19.2-81 states, "Such officers may arrest, without a warrant, any person who commits any crime in the presence of the officer and any person whom he has reasonable grounds or probable cause to suspect of having committed a felony not in his presence." The Commonwealth argues that Officer Crutcher had probable cause to arrest appellant based on his observations in the courtroom.[1]

While appellant did not commit a crime during the time that Officer Crutcher was observing him on May 24, 2005, the officer did observe that appellant committed a crime the previous day. On May 23, 2005, Officer Crutcher was in the courtroom when appellant, although ordered to do so, did not appear before the general district court. The officer heard the judge orally order that a capias be issued.

---

[1] The parties agree that a valid arrest warrant did not exist on May 24, 2005.

The officer had sufficient probable cause to arrest appellant and had authority to arrest him.  Failure to appear is a crime in Virginia.  See Code §§ 19.2-74, 19.2-128.  Whether or not the evidence would have been sufficient to convict appellant of failure to appear is irrelevant, as long as the officer had probable cause for the arrest:

> An officer has the duty to arrest a person who commits a misdemeanor in his presence, even though the officer has no arrest warrant.  And an arrest, though warrantless, is valid where the officer had probable cause to believe that a misdemeanor was committed in his presence, even though the action he observed did not in fact constitute a misdemeanor.

Yeatts v. Minton, 211 Va. 402, 405, 177 S.E.2d 646, 648 (1970) (citation omitted).  Here, the officer had sufficient information, based on his own observation and on the pronouncement of the general district court judge, to believe appellant had committed a misdemeanor in his presence, i.e., he failed to appear for court.  Under Code § 19.2-81, Officer Crutcher had authority to arrest appellant.

### III.  Sufficiency

Appellant argues in his brief that the evidence was not sufficient to prove he "obstruct[ed] Crutcher in the performance of his duties nor did he fail to cease any obstruction."[2]

---

[2] The Commonwealth argues on brief that "Jones['s] 'no obstruction' argument is defaulted because at trial he did not argue his actions did not obstruct the officer by force or resistance."  According to the statement of facts, however, appellant's argument to the trial court was as follows:

> The defendant stated again that there was no evidence of obstruction of justice. . . .  Again, the defendant stated that the officer did not observe any evidence that the defendant possessed any narcotics. . . .  There was no basis for the officer to believe that the item he saw go into the defendant's mouth was crack cocaine especially since the officer admitted that the item could have been rock candy.

While the argument is not phrased exactly the same on appeal, the essentials of the argument are the same -- that appellant did not impede Officer Crutcher because appellant had no drugs on him and, therefore, the officer had nothing to investigate.

See also Code § 18.2-460(A). Specifically, he contends that, as nothing suggested appellant was engaged in drug activity, he did not obstruct the officer by placing an item in his mouth while the officer was arresting him. In reviewing appellant's claim that the evidence was insufficient to support a conviction, we consider the record in the light most favorable to the Commonwealth. See Thomas v. Commonwealth, 44 Va. App. 741, 747, 607 S.E.2d 738, 740-41, aff'd on reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005).

Appellant refers in his argument to a federal case involving a 42 U.S.C. § 1983 claim, Rogers v. Pendleton, 249 F.3d 279, 291-92 (4th Cir. 2001). In that case, the Fourth Circuit found Rogers did not violate Virginia's obstruction law when he stood in front of the officer who wanted to search the grounds around his home. The court pointed out that "[Officer] Pendleton also testified that he simply stepped around Rogers without difficulty and then stood without interference for a period of time while observing Rogers speaking to [Officer] Vinyard." Id. at 291. Similarly, in Ruckman v. Commonwealth, 28 Va. App. 428, 505 S.E.2d 388 (1998), this Court found that Ruckman did not obstruct justice when he simply could not remember information that would have helped the police. In that case, the defendant did not intend to impede an investigation – he simply could not help the investigation. Both cases suggest that passive or unintentional behavior does not constitute obstruction.

Here, in contrast to those two cases, appellant took an affirmative action by placing an item into his mouth while the officer tried to arrest him. Appellant then refused to spit out the suspected narcotics that he put into his mouth and actually swallowed the item.[3] These actions taken together were not unintentional or passive. Appellant clearly wanted to prevent the officer from investigating and collecting the item, and he was successful. Whether the evidence proved

---

[3] Appellant does not argue any Fourth Amendment issues regarding a search of his mouth.

that the item was an illegal substance is irrelevant. The officer was performing his duty, arresting appellant, when appellant decided to ingest an item in one of the hands that the officer was trying to put in handcuffs. This behavior of appellant, and then his refusal to spit the item out, obstructed the officer who was performing his duty.

These circumstances are comparable to the facts in United States v. Bedford, 446 F.3d 1320, 1322 (10th Cir. 2006), where the Tenth Circuit upheld an enhancement under the federal sentencing guidelines based on Bedford's "obstruction of the administration of justice." After his friend purchased some cocaine from an undercover policeman, Bedford swallowed some of the drug as the police were making a traffic stop of their vehicle. Id. The court found, "Bedford succeeded in swallowing the cocaine base, at a time when the police had no knowledge that he was in possession of incriminating evidence" and found he took this act "consciously, rather than spontaneously or reflexively, with the purpose of obstructing justice." Id. at 1325. Likewise, in Mullins v. State, 717 N.E.2d 902 (Ind. Ct. App. 1999), the Indiana Court of Appeals upheld a conviction for obstruction of justice based on facts very similar to the situation here.[4] Mullins was sitting in a car that was parked in front of a known drug house. Id. at 903. He was talking to a woman, and the woman was observed dropping "a metal object that looked like a broken antenna." Id. When the officer approached, Mullins put a substance "which appeared to be crack cocaine into his mouth and chew[ed]." Id. Mullins refused to spit the item out and pushed the officer away. Id. at 904. The court held, "It is clear that Mullins'[s] actions in refusing to spit the substance out of his mouth after being ordered to do so, and pushing Officer Doughty away" were sufficient to support the conviction. Id.

---

[4] The Indiana statute outlaws destruction of an item "with intent to prevent it from being produced or used as evidence in any official proceeding or investigation." Ind. Code § 35-44-3-4(a)(3).

Here, appellant put an item that looked like crack cocaine into his mouth, while the officer was arresting him and while standing in front of a reputed drug house that was also appellant's former home. Appellant did not keep the item in his mouth. Instead, and despite the officer's instructions to spit the item out, appellant swallowed it. By so disobeying the officer's instructions, he purposefully destroyed the item so that the officer could not conclude the investigation. Therefore, based on the totality of the circumstances, appellant is guilty of obstruction of justice.

## IV. Conclusion

We find the officer had probable cause to arrest appellant, and the evidence was sufficient to convict appellant of obstruction of justice. We, therefore, affirm his conviction.

<u>Affirmed.</u>