## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 10 2015, 8:37 am

CLERK
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

Derick W. Steele
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Charles A. Clark,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

September 10, 2015

Court of Appeals Case No.
34A04-1502-CR-86

Appeal from the Howard County
Superior Court

The Honorable George A.
Hopkins, Judge

Trial Court Cause No.
34D04-1402-FD-32

**Vaidik, Chief Judge.**

# Case Summary

[1] Charles A. Clark was stopped by the police for crossing the center line of the road. During the stop, the officers saw a baggie of what appeared to be crack cocaine under the open driver's-side door and placed the baggie on the hood of the patrol car. A struggle ensued while the officers were handcuffing Clark, and Clark moved toward the baggie on the hood. When the struggle ended, the baggie was gone with only a wet spot that looked like saliva in its place.

[2] Clark was convicted of Class D felony obstruction of justice, and the trial court sentenced him to three years. Clark now appeals, arguing that the evidence is insufficient to support his conviction and that his three-year sentence is inappropriate.

[3] Because it is reasonable to infer that Clark ate the baggie, we conclude that the evidence is sufficient to support his conviction for obstruction of justice. We also conclude that Clark's three-year sentence is appropriate given the nature of the offense and his character. We therefore affirm the trial court.

# Facts and Procedural History

[4] On the night of February 27, 2014, Kokomo Police Department Officer Jason Maynard stopped Clark for driving across the center line of the road. Sergeant Teresa Kelley heard Officer Maynard call in the traffic stop and went to the scene. When Officer Maynard approached Clark in his car, he saw that Clark's hands were shaking and that he was avoiding eye contact. Due to Clark's

"extreme nervousness," Officer Maynard asked for a canine unit, and Officer Ryan Shuey came with his dog. Tr. p. 34. Officer Shuey's dog detected the presence of a controlled substance on the driver's side of the car. After removing Clark from his car, Officer Maynard and Sergeant Kelley began searching the car for drugs. The officers found a baggie of what appeared to be crack cocaine directly underneath the open driver's-side door.

[5] Officer Maynard told Clark that he was under arrest. While Officer Maynard was handcuffing him, Clark started flailing his right arm to avoid the handcuffs. Sergeant Kelley set the baggie on the hood of Officer Maynard's patrol car, and then went to assist him. During the struggle, Clark either lunged or was pushed toward the hood of the patrol car. To gain control, Officer Maynard leaned Clark over the hood, at which point Clark lifted himself off the hood and moved forward several inches. According to Sergeant Kelley, it "appeared" that Clark "had taken the baggie and put it in his mouth, used his mouth to go up on the top of the hood, swipe it and swallow it." *Id* at 101. Sergeant Kelley called out that Clark had eaten the evidence. All three officers saw that the baggie of evidence was gone and in its place was what appeared to be a smear of saliva and mouth marks.

[6] Officer Maynard asked Clark to open his mouth several times; although Clark initially refused, he eventually complied. A search of the hood and the surrounding area yielded nothing. Later that night, Officer Maynard obtained a search warrant for the contents of Clark's stomach. Officer Maynard took Clark to St. Joseph Hospital, but the doctor was unable to retrieve anything

from his stomach. Accordingly, the baggie and its contents were never recovered.

[7] The State charged Clark with Class D felony obstruction of justice and Class A misdemeanor resisting law enforcement. Clark represented himself at trial. The jury found him guilty as charged. At the sentencing hearing, the trial court identified one aggravator—Clark's criminal history—and no mitigators. The court sentenced him to three years in the Indiana Department of Correction for obstruction of justice and one year for resisting law enforcement, to be served concurrently.

[8] Clark now appeals his conviction and sentence for obstruction of justice only.

# Discussion and Decision

[9] Clark raises two issues on appeal. First, he contends that the evidence is insufficient to support his conviction for obstruction of justice. Second, he contends that his three-year sentence for obstruction of justice is inappropriate based on the nature of the offense and his character.

# I. Sufficiency of the Evidence

[10] When reviewing sufficiency-of-evidence claims, we consider only the probative evidence and reasonable inferences supporting the verdict without weighing the evidence or assessing witness credibility. The evidence is sufficient if a reasonable trier of fact could conclude that the defendant was guilty beyond a

reasonable doubt. *Lewis v. State*, 34 N.E.3d 240, 245 (Ind. 2015). Moreover, circumstantial proof is permissible the evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Drane v. State*, 867 N.E.2d 144, 147 (Ind. 2007).

[11] In order to convict Clark as charged here, the State had to prove that he altered, damaged, or removed the plastic baggie with the intent to prevent it from being used as evidence in either an official proceeding or an investigation. See Ind. Code Ann. § 35-44.1-2-2(a)(3) (West Supp. 2013).

[12] Clark argues that the evidence is insufficient to support his conviction because no one actually saw him put the baggie in his mouth.[1] However, the State presented significant circumstantial evidence through the testimony of the three officers. When Officer Maynard attempted to handcuff Clark, Clark resisted. Sergeant Kelley set a baggie of what appeared to be crack cocaine on the hood of Officer Maynard's patrol car, and then went to assist Officer Maynard. At some point during the struggle to put handcuffs on Clark, he either lunged toward the patrol car or was forced onto the hood of the car with his face near where Sergeant Kelley put the baggie. At that point, Sergeant Kelley saw Clark appear to eat the baggie, and she called out that Clark had eaten the baggie.

---

[1] Clark directs us to the distinction between his case and *Mullins v. State*, 717 N.E.2d 902 (Ind. Ct. App. 1999). In *Mullins*, the officer actually saw the defendant eat the crack cocaine. However nothing in *Mullins* suggests that a case may not be proven by circumstantial evidence or precludes the trier of fact from making inferences based on the evidence. *Id.* at 903 ("We look instead to the evidence favorable to the judgment, along with any inferences reasonably drawn therefrom. We will affirm a judgment that is supported by substantial evidence of probative value.").

The officers noticed that the baggie was gone and that there was a wet smudge that looked like saliva on the hood of Officer Maynard's car where the baggie had been.

[13] Although Clark asserts that it is "mere speculation" that he ate the baggie, Appellant's Br. p. 5, the facts adduced at trial show otherwise: the baggie was on the hood of the car, Clark was on the hood of the car, and as soon as the struggle between Clark and Officer Maynard ended, the baggie was gone with only a wet spot that looked like saliva in its place. It was not unreasonable for the jury to infer from this that Clark ate the baggie. We therefore find that the evidence is sufficient to support Clark's conviction for obstruction of justice.

# II. Sentencing

[14] Clark also contends that his three-year sentence for obstruction of justice is inappropriate given the nature of the offense and his character. He asks us to reduce his sentence to the advisory term of eighteen months.

[15] Our appellate rules authorize revision of a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "[A] defendant must persuade the appellate court that his or her sentence has met this inappropriateness standard of review." *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[16] The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case. *Id.* at 1224.

[17] A person who commits a Class D felony (for a crime committed before July 1, 2014) shall be imprisoned for a fixed term of between six months and three years, with the advisory sentence being one and one-half years. Ind. Code § 35-50-2-7. Here, the trial court sentenced Clark to three years.

[18] As for the nature of the offense, Clark argues that because he did not harm or threaten to harm a witness, this was a mere "run-of-the-mill attempt to remove evidence that may have been used against him." Appellant's Br. p. 7. But Clark did not merely "attempt" to obstruct justice, he actually obstructed justice by altering, damaging, or removing the baggie. In effect, he evaded prosecution, or even an investigation, for possession of a controlled substance. The nature of the offense supports Clark's three-year sentence.

[19] As for Clark's character, the Presentence Investigation Report shows that he has been convicted of two misdemeanors and four felonies: misdemeanor possession of marijuana/hash oil/hashish (1993) and misdemeanor operating a motor vehicle without ever receiving a license (1993); felony dealing in cocaine

(1994 and 2001); and felony possession of cocaine (2007 and 2008). Appellant's App. p. 87-89. The PSI concludes that Clark is at high risk to reoffend. *Id.* at 91. At sentencing, Clark did not advance any mitigating factors. Tr. p. 166. Nothing in Clark's character indicates that a three-year sentence is inappropriate.

[20] Affirmed.

[21] ROBB, J., and PYLE, J., concur.