## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 14 2019, 8:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Joel M. Schumm
Valerie K. Boots
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Byron Smith, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | January 14, 2019 <br><br> Court of Appeals Case No. 18A-CR-1732 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Elizabeth Christ, Judge <br><br> Trial Court Cause No. 49G24-1606-F6-21572 |

**Pyle, Judge.**

[1]    Bryon Smith ("Smith") appeals his conviction, following a bench trial, for Level 6 felony obstruction of justice.[1] Smith challenges the sufficiency of the evidence, contending that: (1) there is a material variance between the charging information and the evidence at trial; and (2) the State's evidence—that he picked up a baggie of suspected cocaine from his lap, placed it into his mouth, refused to spit it out, and then swallowed it—was insufficient to prove the statutory element that he had altered, damaged, or removed a thing. Concluding that any variance is not material or fatal and that the evidence is sufficient to support the challenged element of obstruction of justice, we affirm his conviction.

[2]    We affirm.

## Issue

Whether sufficient evidence supports Smith's conviction.

## Facts

[3]    On June 4, 2016, Indianapolis Metropolitan Police Department ("IMPD") Officer Greg Milburn ("Officer Milburn") was on LaSalle Street when he saw a car with "people around the vehicle, people on foot, leaving the vehicle." (Tr. Vol. 2 at 7). This car was Smith's car. After Smith drove away and failed to signal when turning, Officer Milburn pulled over Smith's vehicle. Smith was

---

[1] IND. CODE § 35-44.1-2-2. Smith was also convicted of Class C misdemeanor operating a vehicle without ever receiving a license, but he does not challenge this conviction on appeal.

the only person in the car, and he did not have a driver's license. When speaking with Smith, Officer Milburn noticed that Smith was stuttering and breathing rapidly and that his lip and hands were trembling. The officer also noticed that, on Smith's lap, there was a large plastic bag containing smaller plastic baggies "filled with a white substance[,]" which Officer Milburn believed to be "[i]ndividually packaged cocaine." (Tr. Vol. 2 at 11). The substance was "about the size of a ping pong ball[.]" (Tr. Vol. 2 at 11). Officer Milburn radioed for assistance, and Smith "put the bag of suspected cocaine in his mouth." (Tr. Vol. 2 at 17). The officer repeatedly ordered Smith to spit it out, but Smith refused. Officer Milburn then "watch[ed]" Smith "force swallow the suspected narcotics." (Tr. Vol. 2 at 17).

[4] The State charged Smith with Level 6 felony obstruction of justice and Class C misdemeanor operating a vehicle without ever receiving a license. The obstruction of justice charging information alleged that Smith had altered, damaged, or removed a "record, document, or thing, that is: cocaine and/or narcotic" with the intent to prevent it from being produced or used as evidence in any official proceeding or investigation. (App. Vol. 2 at 17).

[5] The trial court held a bench trial in May 2018. The State presented testimony from Officer Milburn, who testified to the facts stated above. Officer Milburn also testified that he had an ambulance take Smith to the hospital because the ingestion of what the officer believed to be drugs could have led to Smith's death. On cross-examination, Smith's counsel asked Officer Milburn whether anyone else had seen Smith swallow the alleged baggie and whether anything

had been recovered from Smith. Officer Milburn responded that he was the only person to see Smith swallow it and that he did not know if anything had been recovered.

[6] After the State rested, Smith moved for a directed verdict, contending that there was a variance between the charging information (referring to "cocaine and/or narcotic") and the evidence at trial (testimony referring to "suspected" cocaine or narcotic). Smith's counsel asserted that "the State ha[d] a burden of proving beyond a reasonable doubt every element of the offense . . . [and] [a]n element here clearly state[d] "cocaine and/or narcotic.["] (Tr. Vol. 2 at 22). Smith's counsel argued that even if the trial court believed that Smith had swallowed something, the State had not proven that the thing swallowed was actually cocaine or a narcotic. Essentially, Smith argued that the State's presentation of evidence was constrained by the specific language used in the charging information. Smith's counsel also stated that "if the State would have charged it as 'suspected' cocaine and/or narcotic," then Smith "wouldn't be making this motion." (Tr. Vol. 2 at 22). Smith's counsel argued that the identification of the "thing" was an element of the offense and stated that, "as it's charged here before me and as I've prepared this case for trial, I believe the State needs to prove to [the court] that it was cocaine and they haven't." (Tr. Vol. 2 at 22).

[7] The State argued that it was required to prove that Smith had altered, damaged, or removed a "thing" but that it was not necessary to specifically prove that the thing was actually cocaine or a narcotic. The State pointed out that Smith's action of swallowing the substance prevented any further investigation to

determine what the substance was. The State argued that any variance was not material or fatal because Smith had notice of the charge he faced and the specific Indiana Code provision under which he was charged. The trial court pointed out that "[t]he act in the mens rea for the offense [of obstruction of justice] is destruction of evidence" and that, under the obstruction of justice statute, the offense remained a Level 6 felony whether the item swallowed was a piece of paper or a drug. (Tr. Vol. 2 at 25). The trial court denied Smith's motion for directed verdict.

[8] Smith then testified on his own behalf. He denied that he ever had a baggie or that he had swallowed anything. He also challenged the credibility of Officer Milburn's testimony and suggested that the officer had lied about factual details of the evening, including whether there had been people around Smith's car, whether he had a baggie in his car, and whether he had swallowed something.

[9] The trial court found Smith guilty as charged. The trial court imposed a 545-day sentence, all suspended to probation, for his Level 6 felony obstruction of justice conviction and a concurrent sentence of six (6) days for his Class C misdemeanor conviction. Smith now appeals.

# Decision

[10] Smith argues that the evidence was insufficient to support his conviction for obstruction of justice.

> When reviewing the sufficiency of the evidence to support a
> conviction, appellate courts must consider only the probative

evidence and reasonable inferences *supporting* the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder would find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

[11] *Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (internal quotation marks and citations omitted) (emphasis in original). Additionally, our Indiana Supreme Court has explained that "when determining whether the elements of an offense are proven beyond a reasonable doubt, a fact-finder may consider both the evidence *and the resulting reasonable inferences*." *Thang v. State*, 10 N.E.3d 1256, 1260 (Ind. 2014) (emphasis in original).

[12] The obstruction of justice statute provides, in relevant part, that "[a] person who . . . alters, damages, or removes any record, document, or thing, with intent to prevent it from being produced or used as evidence in any official proceeding or investigation . . . commits obstruction of justice, a Level 6 felony. IND. CODE § 35-44.1-2-2(a)(3). The State's obstruction of justice charge against Smith alleged that he had "alter[ed], damage[d], or remove[d] a record, document, or thing, that is: cocaine and/or narcotic, with the intent to prevent said item from being produced or used as evidence in an official proceeding or investigation[.]" (App. Vol. 2 at 17).

Smith's challenge to the sufficiency of the evidence is divided into two arguments. Specifically, he contends that: (1) there is a material variance between the charging information and the evidence at trial; and (2) the evidence is insufficient to show that he altered, damaged, or removed the baggie.

Turning first to Smith's variance argument, we note that "[a] charging information must allege the elements of the crime such that the accused is sufficiently apprised of the nature of the charges against him so that he may anticipate the proof and prepare a defense in advance of trial." *Winn v. State*, 748 N.E.2d 352, 356 (Ind. 2001) (citing IND. CONST. art. 1, § 13; I.C. § 35-34-1-2; *Smith v. State*, 465 N.E.2d 702, 704 (Ind. 1984)). "The State is not required to include detailed factual allegations in the charging instrument, though it may choose to do so." *Id.* A variance "is an essential difference between proof and pleading." *Birari v. State*, 968 N.E.2d 827, 834 (Ind. Ct. App. 2012), *trans. denied*. Not all variances, however, are "material" or "fatal[.]" *Id.* When determining whether a variance between the proof at trial and a charging information is fatal, we apply the following test:

> (1) was the defendant misled by the variance in the evidence from the allegations and specifications in the charge in the preparation and maintenance of his defense, *and* was he *harmed or prejudiced thereby*; [or]

> (2) will the defendant be protected in [a] future criminal proceeding covering the same event, facts, and evidence against double jeopardy?

*Id.* (quoting *Mitchem v. State*, 685 N.E.2d 671, 677 (Ind. 1997)) (emphasis added). In other words, "[t]o award relief on the basis of a variance between allegations in the charge and the evidence at trial, the variance must be such as to either have misled the defendant in the preparation and maintenance of his defense *with resulting harm or prejudice* or leave the defendant vulnerable to double jeopardy in a future criminal proceeding covering the same event, facts, and evidence." *Winn*, 748 N.E.2d at 356 (emphasis added).

Smith does not allege that the variance poses any future double jeopardy vulnerability. He simply alleges that the variance misled the preparation of his defense. He, however, makes no claim nor showing that there was any resulting harm or prejudice. Thus, he is not entitled to relief based on his assertion of a variance. *See Winn*, 748 N.E.2d at 356; *Birari*, 968 N.E.2d at 834 (explaining that a relief based on a variance is awarded only if the defendant shows that he was misled in the preparation of his defense *and* that he was harmed or prejudiced). Moreover, he cannot make these required showings. Smith was aware of the alleged crime against him. Smith's defense was not based on the identification of the "thing" that was swallowed. Instead, his defense was to deny that he had swallowed anything and, further, to deny the very existence of a "thing"—or the baggie containing smaller plastic baggies filled with a white substance—that the State had alleged he had swallowed. Under these circumstances, we conclude that any variance was not material or fatal. *See Winn*, 748 N.E.2d at 356; *Birari*, 968 N.E.2d at 834.

[17]     Next, we turn to Smith's argument that "the State failed to prove Smith altered, damaged, or removed the bag when he allegedly swallowed it while sitting in his vehicle." (Smith's Br. 8). As the terms, "alter," "damage," and "remove" are not defined by statute, Smith cites to dictionary definitions of the terms, including the definition of "remove" as "to move from a place or position; take away or off." (Smith's Br. 9) (quoting https://www.dictionary.com). Smith contends that "an individual sitting stationary in a vehicle while swallowing a bag does not necessarily alter, damage, or remove the bag or substance inside it" and argues that the evidence in this case was insufficient because "Smith and whatever he swallowed went nowhere." (Smith's Br. 9-10).

[18]     We roundly reject Smith's argument that the State failed to meet its burden of proving the element that he altered, damaged, or removed a thing. The suspected cocaine definitely went somewhere; it went inside Smith's body. Here, the evidence showed that Officer Milburn initially saw people milling around and exiting Smith's parked car. Thereafter, when Smith committed a traffic infraction, Officer Milburn initiated a traffic stop. When Officer Milburn spoke to Smith, he saw that Smith had a baggie containing a white substance that appeared to be individually packaged cocaine. After the officer had radioed for assistance, Smith lifted the baggie of suspected cocaine from his lap and placed it in his mouth. Smith did not merely leave the baggie in his mouth. Officer Milburn repeatedly ordered Smith to spit it out, but Smith refused. Smith then swallowed the item. The fact that Smith remained seated in the car did not negate the fact that he moved the bag from the place on his lap into his

mouth and, ultimately, into his throat and beyond when he swallowed it. The evidence presented at trial and the inferences drawn therefrom were sufficient for the trial court, as trier of fact, to conclude that Smith removed a thing, i.e., the baggie of suspected drugs, with the intent to prevent it from being used as evidence in any official proceeding or investigation. Accordingly, we affirm his conviction. *See Mullins v. State*, 717 N.E.2d 902, 904 (Ind. Ct. App. 1999) (holding that the defendant's act of "swallow[ing] the crack cocaine which otherwise would have been used as evidence in a possession charge" was sufficient to support his conviction for obstruction of justice). *Owens v. State*, 911 N.E.2d 18, 23 (Ind. Ct. App. 2009) (affirming that the defendant's conviction for obstruction of justice based on his act of swallowing drugs and money), *vacated on other grounds and sufficiency issue summarily affirmed on transfer*, 929 N.E.2d 754 (Ind. 2010).

[19] Affirmed.

Najam, J., and Altice, J., concur.