## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 06 2019, 11:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark Small
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brenda Conley,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 6, 2019

Court of Appeals Case No.
18A-CR-1402

Appeal from the Pulaski Superior
Court

The Honorable Crystal A. Kocher,
Judge

Trial Court Cause No.
66D01-1801-F6-19

**Riley, Judge.**

# STATEMENT OF THE CASE

[1] Appellant-Defendant, Brenda Conley (Conley), appeals her conviction for possession of a synthetic drug or synthetic drug lookalike substance, Class A misdemeanor, Ind. Code § 35-48-4-11.5(c), and obstruction of justice, a Level 6 felony, I.C. § 35-44.1-2-2(a)(3).

[2] We affirm.

# ISSUE

[3] Conley presents one issue on appeal, which we restate as: Whether the State presented sufficient evidence beyond a reasonable doubt to support Conley's convictions.

# FACTS AND PROCEDURAL HISTORY

[4] On August 6, 2017, Officer Cody Foust (Officer Foust) of the Pulaski County Sheriff's Department was on patrol in his fully-marked police vehicle around the 200 block of East Maple Street in Medaryville, Indiana. As he passed a residence on East Maple Street, he saw a man and woman seated on the front porch. The woman, who was later identified as Conley, appeared to be "dozing off on the porch." (Transcript Vol. II, p. 103). Because Officer Foust found that unusual, he parked his vehicle and conducted a "welfare check on [Conley]." (Tr. Vol. II, p. 107).

[5] As Officer Foust walked toward the porch, he could smell the distinct "smell of [] spice or synthetic marijuana" based on his training and experience. (Tr. Vol.

II, p. 117). Officer Foust then "observed [Conley] holding what appeared to be a roach or a small hand-rolled cigarette that has already been smoked." (Tr. Vol. II, p. 108). When Officer Foust awakened Conley and asked what she had in her hand, Conley quickly concealed it. At that point, Officer Foust ordered Conley to drop the concealed item onto the porch, but Conley tossed the item into a "heavily [] uncut grassy area." (Tr. Vol. II, p. 108). Officer Foust observed that Conley's eyes were dilated, and when he questioned Conley why she had thrown the cigarette into the bushes, Conley's sole excuse was that she was "fucking poor." (Tr. Vol. II, p. 13). Officer Foust's body camera captured all of these events.

[6] On August 16, 2017, the State filed an Information, charging Conley with Class A misdemeanor possession of a synthetic drug or synthetic drug lookalike substance. On January 28, 2018, the State added a second Count, obstruction of justice, a Level 6 felony. On April 24, 2018, a jury trial was conducted. At the close of the evidence, the jury found Conley guilty as charged. On May 14, 2018, the trial court held a sentencing hearing. For the Class A misdemeanor possession of a synthetic drug or synthetic drug lookalike substance conviction, the trial court sentenced Conley to 365 days all suspended to probation. For the Level 6 felony obstruction of justice conviction, the trial court sentenced Conley to a concurrent term of 365 days, with 90 days executed in the Pulaski County Jail, and the remaining term to be served through Community Corrections.

[7] Conley now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

[8] Conley claims that the State presented insufficient evidence to support her convictions for one Count of possession of a synthetic drug or synthetic drug lookalike substance, a Class A misdemeanor, and one Count of obstruction of justice, a Level 6 felony. When reviewing a claim of insufficient evidence, it is well established that our court does not reweigh evidence or assess the credibility of witnesses. *Walker v. State*, 998 N.E.2d 724, 726 (Ind. 2013). Instead, we consider all the evidence, and any reasonable inferences that may be drawn therefrom, in a light most favorable to the verdict. *Id*. We will uphold the conviction "'if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt.'" *Id*. (quoting *Davis v. State*, 813 N.E.2d 1176, 1178 (Ind. 2004)).

[9] Indiana Code section 35-48-4-11.5(c) provides, in pertinent part that "[a] person who knowingly or intentionally possesses a synthetic drug or synthetic drug lookalike substance commits possession of a synthetic drug or synthetic drug lookalike substance, a Class A misdemeanor." According to Conley, the State did not produce the cigarette, there was no scientific testing of the cigarette in question, and Officer Foust's testimony did not establish that the substance was synthetic drug or a synthetic drug lookalike substance.

[10] Notwithstanding her contentions, it is well established that "[f]or offenses involving controlled substances, the State is not required to introduce the

subject contraband to obtain a conviction for dealing or possession." *Boggs v. State*, 928 N.E.2d 855, 865 (Ind. Ct. App. 2010), *trans. denied*. The identity of a controlled substance may be established through witness testimony and circumstantial evidence. *Helton v. State*, 907 N.E.2d 1020, 1024 (Ind. 2009). Our supreme court has held that, although "chemical analysis is one way, and perhaps the best way, to establish the identity of a compound," the testimony of "someone sufficiently experienced with the drug may establish its identity, as may other circumstantial evidence." *Vasquez v. State*, 741 N.E.2d 1214, 1216 (Ind. 2001).

[11] Turning to the record, on August 6, 2017, Officer Foust was conducting a routine patrol in a marked police car when he noticed Conley seated on a front porch going in and out of consciousness. Since Officer Foust found that unusual, he decided to conduct a welfare check on Conley. As he approached the porch, he detected the distinct odor of burnt "spice or synthetic marijuana" based on his training and experience. (Tr. Vol. II, p. 117). Officer Foust then "observed [Conley] holding what appeared to be a roach or a small hand-rolled cigarette that [had] already been smoked." (Tr. Vol. II, p. 108). These facts support Conley's conviction for Class A misdemeanor possession of a synthetic drug or synthetic drug lookalike substance.

[12] Additionally, Indiana Code section 35-44.1-2-2(a)(3) provides, in relevant part, that "[a] person who . . . alters, damages, or removes any record, document, or thing, with intent to prevent it from being produced or used as evidence in any official proceeding or investigation . . . commits obstruction of justice, a Level 6

felony. Conley's contention on appeal is that there "was no argument from the State that [she] altered or damaged" the evidence, so as to "prevent it from being produced or used" in any proceeding or investigation. (Appellant's Br. p. 13). We disagree.

The record shows that when Officer Foust ordered Conley to drop the cigarette on the porch floor, Conley at first attempted to conceal the cigarette with her hand, and when that failed, she threw it into the bushes. Conley's actions of refusing to place the cigarette on the porch floor after being ordered to do so, and thereafter throwing the cigarette into the bush, were done to prevent Officer Foust from confiscating the illegal substance and thereby using it as evidence in any official proceeding or investigation. *See Mullins v. State*, 717 N.E.2d 902, 904 (Ind. Ct. App. 1999) (holding that the defendant's act of "swallow[ing] the crack cocaine which otherwise would have been used as evidence in a possession charge" was sufficient to support his conviction for obstruction of justice).

Based on the foregoing, we conclude that the State presented sufficient evidence beyond a reasonable doubt to support Conley's conviction.

# CONCLUSION

Based on the above, we conclude that the State presented sufficient evidence beyond a reasonable doubt to support Conley's conviction for Class A misdemeanor possession of a synthetic drug or synthetic drug lookalike, and Level 6 felony obstruction of justice.

[16]    Affirmed.

[17]    Bailey, J. and Pyle, J. concur