J-S18009-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD EDWARD BOLL | : | |
| | : | |
| Appellant | : | No. 1361 MDA 2021 |

Appeal from the Judgment of Sentence Entered September 24, 2021
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0001002-2020

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED: JULY 8, 2022**

Appellant, Ronald Edward Boll, appeals from the judgment of sentence of six months' probation (three months of which to be served on house arrest), imposed after he was convicted, following a non-jury trial, of driving while operating privilege is suspended or revoked, 75 Pa.C.S. § 1543(a);[1] carrying

---

[1] We recognize that section 1543(b)(1)(ii), which sets forth the sentence for a second violation of the statute, has been deemed "unconstitutionally vague and inoperable" because it only provides a minimum, and not also a maximum, term of incarceration. ***See Commonwealth v. Jackson***, 271 A.3d 1286, 1288 (Pa. Super. 2022); 75 Pa.C.S. § 1543(b)(1)(ii) ("A second violation of this paragraph shall constitute a summary offense and, upon conviction of this paragraph, a person shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for not less than 90 days."). Here, Appellant had six or more prior convictions under section 1543(a) and, thus, he was sentenced to an enhanced term under 75 Pa.C.S. § 6503(a.1). That provision requires a "fine of not less than $1,000 and … imprisonment for not less than 30 days but not more than six months." 75 Pa.C.S. § 6503(a.1). Because this sentence has a minimum and maximum term, it is not illegal under the rationale of ***Jackson***.

and exhibiting driver's license on demand, 75 Pa.C.S. § 1511(a); and registration and certificate of title required, 75 Pa.C.S. § 1301(a). On appeal, Appellant seeks to challenge the sufficiency of the evidence to sustain his convictions. Additionally, Appellant's counsel, Scott A. Harper, Esq., seeks to withdraw his representation of Appellant pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

The trial court summarized the facts of this case, as follows:

This case arises from a contentious roadside encounter between Appellant and Chief Richard Hileman of the Carroll Valley Police Department (hereinafter "Chief Hileman") on the evening of June 28, 2020. On that date, Chief Hileman was on patrol in an unmarked police vehicle when he observed Appellant operating a small riding lawn mower on the roadway of the 200 block of East Main Street on State Route 116 in Fairfield, Adams County, Pennsylvania. Chief Hileman stopped the lawn mower because it lacked both lighting and a license plate and was not properly equipped for the roadway. Chief Hileman requested that Appellant display his driver's license, but Appellant refused to comply; Appellant also adamantly refused to provide even his name and address, arguing he was not legally required to identify himself.

Over the course of an approximately twenty-minute exchange, during which other municipal police officers arrived on the scene, [Chief] Hileman continued to request that Appellant identify himself. None of the police officers were able to identify Appellant by sight. Chief Hileman ultimately advised Appellant that he would take him into custody for identification purposes if Appellant persisted in his obstreperous behavior, but Appellant still refused to identify himself. The police officers thereafter arrested Appellant, an undertaking that required them to forcibly remove him from his lawn[]mower. During the ensuing struggle, the police officers discovered an identification card that identified Appellant as Ronald Edward Boll.

Following his arrest, Appellant was charged with resisting arrest, carrying and exhibiting driver's license on demand, driving under suspension, registration and certificate of title required, required financial responsibility, and operation of vehicle without official certificate of inspection. Appellant filed an omnibus pretrial motion on January 8, 2021; this court denied Appellant's motion on May 4, 2021[,] after a March 16, 2021 hearing. The Commonwealth later withdrew the charge of resisting arrest, and the parties proceeded to [non-jury] trial before this court on August 6, 2021.

At the conclusion of summary trial, the court found Appellant guilty of carrying and exhibiting driver's license on demand, driving under suspension, and registration and certificate of title required. On September 24, 2021, this court sentenced Appellant on the driving under suspension charge to probation for a period of six months with 90 days restrictive probation conditions [of] house arrest with electronic monitoring. Appellant filed his notice of appeal on October 15, 2021[,] and was directed to file a [Pa.R.A.P. 1925(b)] concise statement of matters complained of on appeal. Appellant timely filed a concise statement of matters complained of on appeal on October 20, 2021. [Therein,] Appellant present[ed] the following questions … for review:

1. Did the trial court err in finding sufficient evidence to establish a violation of section 1511(a), carrying/exhibiting driver's license on demand, based on [Appellant's] riding a lawn mower mostly on the berm however intermittently on the roadway to go around a couple parked cars?

2. Did the trial court err in finding sufficient evidence to establish a violation of section 1543(a)[,] driving under suspension (with enhancement under section 6503(a.1)), based on [Appellant's] riding a lawn mower mostly on the berm however intermittently on the roadway to go around a couple parked cars?

3. Did the trial court err in finding sufficient evidence to: establish a violation of section 1301, registration certification of title, based on [Appellant's] not possessing a registration card for the lawn mower in which he was riding mostly on the berm however intermittently on the roadway to go around a couple parked cars?

Trial Court Opinion (TCO), 12/2/21, at 1-3 (footnotes and unnecessary capitalization omitted). The trial court filed its Rule 1925(a) opinion on December 2, 2021.

On March 10, 2022, Attorney Harper filed with this Court a petition to withdraw from representing Appellant. That same day, counsel also filed an *Anders* brief. On March 14, 2022, we denied counsel's petition to withdraw, finding that his *Anders* brief did not comply with the requirements of *Santiago*. On April 11, 2022, Attorney Harper filed a second petition to withdraw and an amended *Anders* brief that substantially complies with *Santiago*. Therein, counsel states that the issues preserved in Appellant's Rule 1925(b) statement are frivolous, and that he can discern no other, non-frivolous claims to raise herein. Accordingly,

> this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).
>
> Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must:
>
> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

- 4 -

> *Santiago,* 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan,* 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of *Anders* and *Santiago*, this Court must then "conduct a simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In this case, Attorney Harper's *Anders* brief substantially complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, *see Anders* Brief at 7, he refers to portions of the record that could arguably support Appellant's claims, *id.* at 9-11, and he sets forth his conclusion that Appellant's appeal is frivolous, *id.* at 11. He also explains his reasons for reaching that determination and supports his rationale with citations to the record and pertinent legal authority. *Id.* at 9-11. Attorney Lloyd also states in his petition to withdraw that he has supplied Appellant with a copy of his *Anders* brief. Additionally, he attached a letter directed to Appellant to his petition to withdraw, in which he informed Appellant of the rights enumerated in *Nischan*. Accordingly, counsel has complied with the technical requirements for withdrawal. We now

independently review the record to discern if the issues Appellant seeks to raise herein are frivolous, and if there are any other, non-frivolous claims Appellant could assert on appeal.

In his three separate challenges to the sufficiency of the evidence to sustain his convictions under the Motor Vehicle Code, Appellant seeks to argue that his convictions must be overturned because the evidence demonstrated that he was driving "mostly on the berm" of the road and he only "intermittently" entered the roadway. **Anders** Brief at 5, 6. Appellant maintains "that the berm of the road was not part of the highway [and,] therefore[,] … [A]ppellant was not subject to the jurisdiction of the [V]ehicle [C]ode." **Id.** at 10. Accordingly, he concludes that the evidence was insufficient to support his convictions for violations of that statute.

In reviewing Appellant's sufficiency issues, we have examined counsel's **Anders** brief, the certified record, and the applicable law.[2] We also reviewed the thorough opinion authored by the Shawn C. Wagner of the Court of Common Pleas of Adams County. We conclude that Judge Wagner's decision adequately explains why Appellant's sufficiency claims are frivolous, and we adopt his rationale as our own in affirming Appellant's judgment of sentence. **See** TCO at 3-8. Notably, as Attorney Harper recognizes, Judge Wagner "did not overrule [Appellant's] position" that the berm of the road is not part of the

---

[2] The Commonwealth elected not to file a brief in this case.

highway but, instead, the judge found credible Chief Hileman's testimony "that

… [A]ppellant drove down the middle of the road and not on the berm."

***Anders*** Brief at 10; ***see also*** TCO at 8.  The record supports Judge Wagner's

credibility determination.   ***See*** N.T. Trial, 8/6/21, at 14 (Chief Hileman's

stating that he observed Appellant "traveling in the travel lane of State Route

116, Main Street"); ***id.*** at 7 (Chief Hileman's testifying that he observed

Appellant's driving the lawn mower for approximately "[one] thousand feet on

East Main Street").   Therefore, we adopt Judge Wagner's opinion and reject

Appellant's sufficiency claims for the reasons set forth therein.  Additionally,

we discern no other, non-frivolous issues that Appellant could raise on appeal.

Accordingly, we affirm his judgment of sentence and grant Attorney Harper's

petition to withdraw.

Judgement of sentence affirmed.  Petition to withdraw granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/08/2022

ORIGINAL

IN THE COURT OF COMMON PLEAS OF ADAMS COUNTY, PENNSYLVANIA
CRIMINAL

COMMONWEALTH OF PENNSYLVANIA

VS.

RONALD EDWARD BOLL

CP-01-CR-1002-2020

2021 DEC 2 AM 9: 35
CLERK OF COURTS
FILED

## OPINION PURSUANT TO Pa. R.A.P. 1925(a)

Ronald Edward Boll (hereinafter "Appellant") appeals from the September 24, 2021 Sentencing Order of this Court. For the reasons set forth herein, it is respectfully requested that this Court deny Appellant's appeal.

This case arises from a contentious roadside encounter between Appellant and Chief Richard Hileman of the Carroll Valley Police Department (hereinafter "Chief Hileman") on the evening of June 28, 2020.[1] On that date, Chief Hileman was on patrol in an unmarked police vehicle when he observed Appellant operating a small riding lawn mower on the roadway of the 200 block of East Main Street on State Route 116 in Fairfield, Adams County, Pennsylvania. Chief Hileman stopped the lawn mower because it lacked both lighting and a license plate and was not properly equipped for the roadway. Chief Hileman requested that Appellant display his driver's license, but Appellant refused to comply; Appellant also adamantly refused to provide even his name and address, arguing he was not legally required to identify himself.

Over the course of an approximately twenty-minute exchange, during which other municipal police officers arrived on the scene, Officer Hileman continued to request that

---

[1] The Carroll Valley Police Department has jurisdiction over both the Borough of Carroll Valley and Fairfield, both of which are located in Adams County, Pennsylvania.

1

Appellant identify himself. None of the police officers were able to identify Appellant by sight. Chief Hileman ultimately advised Appellant that he would take him into custody for identification purposes if Appellant persisted in his obstreperous behavior, but Appellant still refused to identify himself. The police officers thereafter arrested Appellant, an undertaking that required them to forcibly remove him from his lawnmower. During the ensuing struggle, the police officers discovered an identification card that identified Appellant as Ronald Edward Boll.

Following his arrest, Appellant was charged with Resisting Arrest,[2] Carrying and Exhibiting Driver's License on Demand,[3] Driving under Suspension,[4] Registration and Certificate of Title Required,[5] Required Financial Responsibility,[6] and Operation of Vehicle without Official Certificate of Inspection.[7] Appellant filed an Omnibus Pretrial Motion on January 8, 2021; this Court denied Appellant's Motion on May 4, 2021 after a March 16, 2021 hearing. The Commonwealth later withdrew the charge of Resisting Arrest, and the parties proceeded to summary trial before this Court on August 6, 2021.

At the conclusion of summary trial, the Court found Appellant guilty of Carrying and Exhibiting Driver's License on Demand, Driving under Suspension, and Registration and Certificate of Title Required. On September 24, 2021, this Court sentenced Appellant on the Driving Under Suspension charge to probation for a period of six months with 90 days restrictive probation conditions, house arrest with electronic monitoring.[8] Appellant filed

---

[2] 18 Pa.C.S. § 5104.
[3] 75 Pa.C.S. § 1511(a).
[4] 75 Pa.C.S. § 1543(a).
[5] 75 Pa.C.S. § 1301.
[6] 75 Pa.C.S. § 1786(f).
[7] 75 Pa.C.S. § 4703(a).
[8] The enhancement under 75 Pa. C.S. § 6503(a.1) was applicable because Appellant had six or more prior convictions under section 1543 (a).

his Notice of Appeal on October 15, 2021 and was directed to file a Concise Statement of Matters Complained of on Appeal. Appellant timely filed a Concise Statement of Matters Complained of on Appeal on October 20, 2021. Appellant presents the following questions, reproduced verbatim, for review:

1. Did the trial court err in finding sufficient evidence to establish a violation of Section 1511(a), carrying/exhibiting driver's license on demand, based on [Appellant] riding a lawn mower mostly on the berm however intermittently on the roadway to go around a couple parked cars?

2. Did the trial court err in finding sufficient evidence to establish a violation of Section 1543(a) driving under suspension (with enhancement under Section 6503(a.1)), based on Defendant riding a lawn mower mostly on the berm however intermittently on the roadway to go around a couple parked cars?

3. Did the trial court err in finding sufficient evidence to establish a violation of Section 1301, registration certification of title, based on Defendant not possessing a registration card for the lawn mower in which he was riding mostly on the berm however intermittently on the roadway to go around a couple parked cars?

## LEGAL STANDARD

The standard of review on a sufficiency of evidence claim is "whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict[-]winner, are sufficient to establish all elements of the offense beyond a reasonable doubt." **Commonwealth v. Jones**, 904 A.2d 24, 26 (Pa. Super. 2006) **(quoting Commonwealth v. Stevenson**, 894 A.2d 759, 773 (Pa.

3

Super. 2006) (overruled on other grounds)). "[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." **Commonwealth v. Hartzell**, 988 A.2d 141, 143 (Pa. Super. 2009) (quoting **Commonwealth v. McClendon**, 874 A.2d 1223, 1228–29 (Pa. Super. 2005)). "[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." **Commonwealth v. Bowen**, 55 A.3d 1254, 1260 (Pa. Super. 2012) (quoting **Commonwealth v. Muniz**, 5 A.3d 345, 348 (Pa. Super. 2010)). "Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." **Hartzell**, 988 A.2d at 143. A reviewing court "may not weigh the evidence and substitute [its] judgment for [that of] the fact-finder." **Id.**

## DISCUSSION

I.  **Sufficiency of the Evidence: Carrying and Exhibiting Driver's License on Demand, 75 Pa.C.S. § 1511(a)**

Appellant challenges his conviction for violating 75 Pa.C.S. § 1511(a) on the ground there was insufficient evidence of his guilt. Appellant argues he rode the lawn mower "mostly on the berm" of the road and only "intermittently on the roadway" in order to maneuver around parked cars.

Section 1511(a) of the Vehicle Code requires "[e]very licensee [to] possess a driver's license issued to the licensee at all times when driving a motor vehicle and [to] exhibit the license upon demand by a police officer . . . ." 75 Pa.C.S. § 1511(a). The Vehicle Code defines a "vehicle" as any "device in, upon or by which any person or

4

property is or may be transported or drawn upon a highway," excluding "devices used exclusively upon rails or tracks," motorized wheelchairs, and other devices intended solely for use by people with "mobility-related disabilit[ies]." 75 Pa.C.S. § 102. A "highway" is "[t]he entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel." Id. A "motor vehicle" is "[a] vehicle which is self-propelled except an electric personal assistive mobility device or a vehicle which is propelled solely by human power." Id. Finally, a "driver" is "[a] person who drives or is in actual physical control of a vehicle." Id.

Appellant is not entitled to relief on his first claim. At trial, Chief Hileman credibly testified that Appellant was driving a tractor upon Route 116 and that Appellant failed to comply with Chief Hileman's demand to produce his license. This is sufficient to support Appellant's conviction for violating Section 1511(a). First, Appellant was operating a motor vehicle. Appellant's lawn mower was a "vehicle" because, as established at trial, Appellant used the lawn mower to transport himself "upon a highway."[9] Route 116 is a "highway" within the meaning of the Vehicle Code because it is a publicly maintained road upon which individuals may operate vehicles. Moreover, Appellant's lawn mower was a "motor vehicle" because it was self-propelled and not designed to assist people with mobility-related disabilities. Furthermore, Appellant was "driving" his lawn mower because he was directing its movements. In addition, as shown at trial, Appellant also failed to produce his driver's license in response to Chief Hileman's repeated requests. The evidence presented at trial was plainly sufficient to establish Appellant's guilt because

---

[9] The Court credits Chief Hileman's testimony that Appellant drove his lawn mower upon Route 116, which is a highway under Section 102 of the Vehicle Code. The trial court is free to believe any of the evidence and weigh witnesses' credibility. **Bowen**, 55 A.3d at 1260.

5

no reasonable doubt exists that Appellant was driving a motor vehicle at the time of the stop and that Appellant failed to exhibit his driver's license in response to Chief Hileman's request.

## II. Sufficiency of the Evidence: Driving under Suspension, 75 Pa.C.S. § 1543(a)

In his next claim, Appellant argues the evidence was insufficient to convict him of violating Section 1543(a) of the Vehicle Code. Again, Appellant argues he rode the lawn mower "mostly on the berm" of the road and only "intermittently on the roadway" in order to maneuver around parked cars.

Section 1543(a) is violated when "any person . . . drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored." 75 Pa.C.S. § 1543(a).

Appellant is not entitled to relief on his second claim. As explained *supra*, Appellant's lawnmower is a motor vehicle, and the evidence is clear that Appellant operated his lawn mower on a highway. Moreover, as established at trial, Appellant's driver's license was suspended at the time of the traffic stop. Accordingly, there was sufficient evidence Appellant drove a motor vehicle on a highway while his operating privileges were suspended.

## III. Sufficiency of the Evidence: Registration and Certificate of Title Required, 75 Pa.C.S. § 1301(a)

In his final claim, Appellant argues his conviction for violating 75 Pa.C.S. § 1301 is not supported by sufficient evidence. As in his previous claims, Appellant argues he rode the lawn mower "mostly on the berm" of the road and only "intermittently on the roadway" in order to maneuver around parked cars.

Section 1301(a) of the Vehicle Code provides that "[n]o person shall drive or move . . . upon any highway any vehicle which is not registered in this Commonwealth unless the vehicle is exempt from registration." 75 Pa.C.S. § 1301(a). Section 1302 of the Vehicle Code, however, exempts from the registration requirement certain vehicles that are operated or driven "incidentally" upon the roadway. 75 Pa.C.S. § 1302(11), (18), (23). Only subsection (18), which concerns "farm and garden vehicle[s] under 20 horsepower driven incidentally upon a highway," possibly could be applicable to the instant matter. Id. § 1302(18).

Caselaw concerning "incidental" operation, though not precisely on point, suggests that a vehicle is driven "incidentally" upon a highway if "its presence on the highway was merely incidental to" the manner in which it is typically driven. Cf. **Commonwealth v. Gravelle**, 55 A.3d 753, 757–58 (Pa. Super. 2012). Thus, for example, a riding lawn mower would be driven "incidentally" upon a roadway if its operator, while cutting the grass on his property, briefly drove the vehicle onto an adjoining roadway to maneuver around a shrub that impeded his access to a patch of uncut grass. However, that same operator would not drive his lawn mower on the roadway in an "incidental" manner if, after trimming his grass, he steered his lawn mower onto the roadway and drove several hundred yards thereon in order to pay a visit to a neighbor who lived a few blocks down the street.

Appellant is not entitled to relief on his third claim. As explained *supra*, Appellant's lawn mower is a motor vehicle, and Appellant operated it upon a highway. Moreover, the evidence does not establish that Appellant's lawn mower was exempt from registration under 75 Pa.C.S. § 1302(18), even assuming *arguendo* Appellant's lawn mower was a "farm [or] garden vehicle under 20 horsepower."

To find Appellant exempt from registration under 75 Pa.C.S. § 1302(18), the Court would be required to accept the questionable notion that Appellant was operating his lawn mower "incidentally" upon the roadway. This the Court cannot do; the evidence plainly indicates Appellant's operation of his lawn mower on the roadway went beyond a mere "incidental" usage. Appellant himself testified that he was driving on Route 116 "to . . . get air and food and water for the night because [he] needed to go to [his] other property and spend the night." Furthermore, Chief Hileman credibly testified that he observed Appellant driving his lawn mower for approximately 1,000 feet on Route 116, and Appellant admitted that he drove the lawn mower for an additional half mile on Route 116 before Chief Hileman observed him. Appellant plainly used his lawn mower for transportation purposes, not landscaping. Accordingly, the evidence sufficiently establishes Appellant drove upon a highway an unregistered vehicle that was not exempt from registration.

Therefore, this Court respectfully requests that Appellant's convictions be affirmed.

BY THE COURT:

Dated: December 2, 2021

*12/2/2021*
*9:40am*
*SMB*

Original - CofC
Robert A. Bain, Esquire ⟩ *eService*
Scott A. Harper, Esquire
Adams County Legal Journal ⟩ *email*
District & County Reports
Media Copy - CofC

**SHAWN C. WAGNER**
**Judge**

8